UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JUSTIN L. MARINO**     BOP #55184-060 | : | **CIVIL ACTION NO. 2:15-cv-1805**           **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **C. MAIORANA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court are a civil rights complaint [doc. 1] and Motion for Injunctive Relief [doc. 8] filed by *pro se* plaintiff Johnny Marino ("Marino"), an inmate in the custody of the Federal Bureau of Prisons ("BOP").[1] He is currently incarcerated at the Federal Correctional Institute in Fort Dix, New Jersey. However, he complains about events that occurred during his incarceration at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). As defendants Marino names FCIO Warden C. Maiorana and the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** and that the Motion for Injunctive Relief [doc. 8] be **DENIED**.

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

# I.
## BACKGROUND

Marino alleges that on or about July 24, 2014, FCIO Officer R. Rodriguez ("Rodriguez") intercepted a book, *The Basics of Hacking and Penetration Testing, 2nd Edition: Ethical Hacking and Penetration Testing Made Easy*, which Marino ordered from Amazon in furtherance of his college studies. Doc. 1, p. 4. He claims that several other publications on the same subjects, namely cybersecurity and computer programming, have also been intercepted and/or confiscated by the BOP. *Id.* at 5. He states that an incident report was issued as a result of the book's content which Rodriguez claimed put the security of the institution's computer at risk. *Id.* at 4. Marino contends that he exhausted all administrative remedies relative to the incident report. *Id.* at 7.

Marino filed the present matter alleging that his First Amendment right to free speech was violated by the interception/confiscation of his books. *Id.* at 2. He seeks injunctive relief allowing him "uninterrupted access to educational materials to pursue his college degree with a major in cybersecurity and computer programs and a minor in business administration." *Id.* at 3, 8.  He also seeks to have the July 24, 2014, incident report expunged. *Id.* at 9.

# II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Marino was credited with payment of the full filing fee of this suit and is not proceeding *in forma pauperis*. Doc. 6. However, because he is a prisoner who has filed an action seeking redress from a governmental entity or officer or employee of a governmental entity, his complaint is still subject to and must be reviewed under the court-screening requirements of the Prison Litigation Reform Act codified at 28 U.S.C. § 1915A(a) and (b). *Thompson v. Hayes*, 542 F. App'x 420, 420–21 (5th Cir. 2013) (per curiam) (unpublished).

Under 28 U.S.C. § 1915A(b)(1), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A claim is frivolous if it lacks an arguable basis in law or fact. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009); *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B. Bureau of Prisons

The BOP is not a proper defendant in this matter. *Bivens*-type actions may be brought only against federal agents and not federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994); *Whitley v. Hunt*, 158 F.3d 882, 885 (5th Cir. 1998). Therefore Marino's claim against the BOP should be dismissed.

### C. Disciplinary Hearing/Expungement of Report

Marino did not lose any good time credit as a result of the complained of disciplinary hearing. In the wake of the United States Supreme Court's decision in *Sandin v. Connor*, 115 S.Ct. 2293, 2300 (1995), a prisoner has a liberty interest only in "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. In reliance on *Sandin*, the Fifth Circuit subsequently concluded that deprivations which meet the "atypical and significant" standard will normally consist of deprivations which clearly impinge on the duration of confinement. *See Orellana v. Kyle,* 65 F.3d 29, 31–32 (5th Cir.1995)

As Marino did not lose any accrued good time credit as a result of the disciplinary sentence complained of herein, he has not suffered a constitutional deprivation in that regard and is not entitled to relief.

### D. *First Amendment/Freedom of Speech Claim*

Marino claims that his First Amendment right to free speech was violated by the interception/confiscation of the book he ordered. He also claims that other books, similar in nature, were intercepted/confiscated as well.

"[A] prison inmate retains those constitutional rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Turner v. Safley*, 107 S.Ct. 2254, 2265 (1987) (internal quotations and alterations omitted). Accordingly, prisoners enjoy the protections of the First Amendment except to the extent that prison regulations curtailing those protections are "reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 109 S.Ct. 1874, 1877 (1989). In assessing the reasonableness of a prison regulation that infringes on First Amendment interests, a court must consider four factors: (1) whether the regulation is "rationally related" to a legitimate penological goal; (2) whether alternative means of exercising First Amendment rights remain open; (3) the impact that accommodating the asserted right will have on other prisoners and prison employees; and (4) whether there are easy and obvious alternative means of accommodating the asserted right. *Prison Legal News v. Livingston*, 683 F.3d 201, 214 (5th Cir. 2012). "Rationality is the controlling factor, and the remaining factors are best understood as indicators of rationality." *Id.* at 214–15 (internal quotations and alterations omitted).

Marino does not argue that the prison regulation at issue is invalid. Instead he contends that the application of it to his circumstances violated his constitutional rights. His book on computer hacking was rejected because it contained material that, according to the BOP's determination,

was strictly prohibited.[2] Doc. 6, att. 1, p. 2. That reason is certainly rationally related to a legitimate penological interest in maintaining security. *See Wells v. Vannoy*, 546 F. App'x 340, 341–42 (5th Cir. 2013) (unpublished) (upholding dismissal of a prisoner's appeal as frivolous based on determination that an incoming publication contained materials that were a potential threat to prison safety).

Marino asserts that he is majoring in cybersecurity; therefore the restriction of this category of books will likely impede his studies. Doc. 6, p. 3. However, the restriction does not prevent Marino from ordering other books that would be permissible under prison regulations, giving him an adequate alternative means of exercising his rights if he selects another course of study.[3] There is nothing on the record to indicate what the impact of accommodating the request would be to the prison or to other inmates. However, Marino has also suggested no alternative for accommodating prison security while allowing him access to this specific category of books. His claims should therefore be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

### E. Injunctive Relief

Marino has been transferred from FCIO. The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. *E.g.*, *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (*per curiam*); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). An exception is made where the petitioner can demonstrate probability that he will again be subject to that institution's authority. *See Weinstein v. Bradford*, 96 S.Ct. 347, 348–49 (1975) (*per curiam*) (plaintiff's

---

[2] Although Marino disputes the security threat posed by the book, we give deference to determinations made by prison officials. *See Prison Legal News*, 683 F.3d at 216, 222. Furthermore, Marino has pled no facts to indicate that prison officials have acted arbitrarily or capriciously in denying inmates books on cybersecurity.

[3] Under this factor, the Supreme Court emphasizes that the right "must be construed expansively, meaning that adequate alternatives need not be perfect substitutes for the curtailed right." *Prison Legal News*, 683 F.3d at 218 (internal quotations omitted).

individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction). Marino has made no such showing. Therefore his request for injunctive relief is moot and should be dismissed for failure to state a claim upon which relief can be granted.

## III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Marino's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1), and that the Motion for Injunctive Relief [doc. 8] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE